IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ERIC HARTON, #144814                                                                            PLAINTIFF

v.                                                                         CAUSE NO.  5:16-cv-45-DCB-MTP

WILKINSON COUNTY, ET AL.                                                                   DEFENDANTS

**ORDER DENYING PLAINTIFF'S MOTION [5] FOR TEMPORARY RESTRAINING
ORDER AND MOTION [10] FOR PRELIMINARY INJUNCTION**

BEFORE the Court is pro se Plaintiff Eric Harton's Motion [5] for Temporary Restraining Order and Motion [10] for Preliminary Injunction.[1]  Having fully considered the Motions and applicable law, the Court finds that Plaintiff's Motions should be denied.

Plaintiff is a inmate of the Mississippi Department of Corrections currently incarcerated at the Wilkinson County Correctional Facility in Woodville, Mississippi.  He brings this Complaint[2] pursuant to 42 U.S.C. § 1983, against Wilkinson County, Wilkinson County Circuit Court Clerk J. Lynn Delaney and Wilkinson County Circuit Court Deputy Clerk Pawlawski Adams.  Plaintiff alleges that Defendants Delaney and Adams have prevented him from accessing the Courts because of their alleged failure to file a Complaint Plaintiff submitted to the Wilkinson County Circuit Court.

In Plaintiff's Motion [5] for Temporary Restraining Order, Plaintiff seeks and order to prevent the obstruction of his right to access the Courts and "the current discrimination being displayed toward[s] convicted felons . . . filing [] complaint[s] in [the] Wilkinson County Circuit Clerk[']s Office."  Mot. [5] at 1.  In his Motion [10] for a Preliminary Injunction, Plaintiff

---

[1]Plaintiff's Response [9] is the signed version of his Motion for Temporary Restraining Order [5].

[2]Plaintiff is proceeding *in forma pauperis* in this action.  *See* Order [6].

requests that Defendants Delaney and Adams be required to file his Complaint.  Mot. [10] at 1.

Since Plaintiff seeks relief that if granted would exceed the 14 day limit of a temporary restraining order, his Motions are in effect requests for a preliminary injunction.  *See* Fed. R. Civ. P. 65(b); *Dixon v. Vanderbilt*, 122 Fed. App'x 694, 695 (5th Cir. 2004).  In order to receive a preliminary injunction, Plaintiff must demonstrate:

> (1) [a] substantial likelihood of success on the merits; (2) [a] substantial threat that plaintiff will suffer irreparable injury; (3) [that the] injury outweighs any harm the injunction might cause the defendant[s]; and  (4) [that the] injunction is in the public interest.

*Women's Med. Ctr. of Nw. Hous. v. Bell*, 248 F.3d 411, 419 n. 15 (5th Cir. 2001) (citing *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)).  A preliminary injunction "should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Planned Parenthood Ass'n of Hidalgo Cnty. Tex., Inc. v. Suehs*, 692 F.3d 343, 348 (5th Cir. 2012) (quotation and citation omitted).  Furthermore, the granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court.  *Lakedreams v. Taylor*, 932 F.2d 1103, 1107 (5th Cir. 1991) (citing *Apple Barrel Prods., Inc. v. Beard,* 730 F.2d 384, 386 (5th Cir. 1984)).  The primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits.  *Canal Auth. of Fla. v. Callaway,* 489 F.2d 567, 573 (5th Cir. 1974).

The Court has evaluated Plaintiff's Motions in accordance with the applicable law and finds that Plaintiff has failed to carry his burden of persuasion as to the required factors for such relief.  *See Ridgely v. FEMA*, 512 F.3d 727, 734-35 (5th Cir. 2008).  The Court will be able to render a meaningful decision without granting a preliminary injunction.  Therefore, Plaintiff's Motions will be denied without a hearing.

**IT IS THEREFORE ORDERED AND ADJUDGED** that Plaintiff's Motion [5] for Temporary Restraining Order and Motion [10] for Preliminary Injunction, construed to be requests for a preliminary injunction, are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of January, 2017.

                                           s/David Bramlette
                                           UNITED STATES DISTRICT JUDGE